**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JOHN KING, JR., et al.,

                                    Plaintiffs,

                - against -

COUNTY OF NASSAU, et al.,

                                    Defendants.
-----------------------------------------------------------X

                                                **ORDER**

                                    CV 04-2375 (TCP) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

        On November 4, 2005, I scheduled a conference to be held on November 28, 2005.

Docket Entry ("DE") 30.  The purpose of the conference was to schedule additional proceedings

in light of the report by plaintiffs' counsel that the case, originally filed as a putative class action,

would instead be pursued as individual claims without resort to a motion for class certification.

*See* DE 27 (Minute Entry for conference dated July 18, 2005:  because "no discovery relevant

only to the individual plaintiffs' claims is required between now and such time as the motion for

class certification is decided ....  I will await that time to schedule further proceedings. Plaintiffs'

counsel is directed to contact chambers to schedule a conference promptly upon Judge Platt's

determination of the certification motion."); DE 30 (reporting decision to abandon motion for

class certification).  Accordingly, in scheduling a planning conference for November 28, 2005, I

was exercising my authority to supervise discovery pursuant to Rule 26(f) of the Federal Rules of

Civil Procedure.

        Neither of the attorneys of record for the plaintiffs sought to be excused from appearing at

the conference or to adjourn it, and neither appeared for the conference as required.  I thereupon

entered the following order:

> The attorneys for the plaintiffs are directed to submit a letter by December 2,
> 2005, explaining their unexcused absence. In light of the plaintiffs' attorneys'
> history of non-compliance with court orders in this case (see DE 12, endorsed
> order on DE 15, DE 29), they are directed to show cause why their repeated
> failures to comply with court orders should not result in the imposition of a fine.

DE 31 (Nov. 28, 2005).

One of the two attorneys submitted a letter explaining that he did not receive notice of the conference until November 13, 2005, and that he was engaged in a trial from November 14, 2005, until the day of the conference. He states that with the press of business associated with the case on trial, he did not remember to contact me about the scheduling conflict. Such inattention is unfortunate, but apparently not willful. I trust a warning – the last I will give this attorney – will suffice and that no fine is necessary to assure future compliance with court orders.

The second attorney, Emmanuel Roy of the firm Agbeyewa & Roy, P.C., has not submitted a letter as required. I therefore deem him to have consented to the proposed sanction. Nevertheless, to the extent that the imposition of a fine, as such, would suggest a finding of contempt and have collateral consequences for Mr. Roy beyond this litigation, I decline to order so severe a remedy.

On the other hand, it is entirely appropriate to ensure that the plaintiffs have the benefit of a clear understanding of the proceedings that occurred on the record in their counsel's absence, if for no other reason than to ensure that the clients are not deprived of their opportunity to object to any decisions made at the conference solely as a result of their attorneys' failure to provide representation. Accordingly, I direct Mr. Roy to order from the court reporter a transcript of the proceedings at the conference on November 28, 2005, and to provide a copy of the transcript, and of this order, to his clients. Because the need for such a precautionary measure is attributable to

counsel rather than the plaintiffs themselves, I further direct that Mr. Roy shall bear the cost of transcription personally and may not seek reimbursement as a cost of litigation. Finally, Mr. Roy is directed to file a certificate attesting to his compliance with this order no later than January 13, 2006.

**SO ORDERED.**

Dated: Central Islip, New York
December 13, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge